Case 3:16-cv-00130   Document 8   Filed in TXSD on 07/18/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRANDY BERGARA, <br> TDCJ #01463419, <br><br> Petitioner, <br> VS. <br><br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-CV-130 |

## MEMORANDUM OPINION AND ORDER

State inmate Brandy Bergara (TDCJ #01463419) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254[1] in which she argues that she received ineffective assistance of counsel in another federal habeas proceeding that was also filed in this Court (Dkt. 1 and Dkt. 2). After reviewing all of the pleadings, the record, and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that Bergara's petition must be dismissed.

### I.   BACKGROUND

This case is closely related to Case Number 3:13-CV-273, which was Bergara's other Section 2254 petition. On October 1, 2007, Bergara was convicted of capital murder for serving as the getaway driver for two associates who shot and killed a bar patron during an armed robbery in 2002. She received a mandatory life sentence with the

---

[1] Bergara has stated in a letter to the Court that she meant to proceed under 28 U.S.C. § 2255 (Dkt. 6). Section 2255 only applies to federal prisoners; its counterpart for state prisoners is Section 2254. *Larson v. United States*, 275 F.2d 673, 678 (5th Cir. 1960).

possibility of parole after forty years. Her conviction was affirmed on direct appeal, and she did not pursue state or federal habeas relief.

In 2012, the Supreme Court issued its opinion in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which "held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." *Montgomery v. Louisiana*, 136 S.Ct. 718, 725 (2016). Bergara, even though she was 22 years old when she participated in the robbery, filed a petition for a writ of habeas corpus in Texas state court based on *Miller*.

The Texas Court of Criminal Appeals denied Bergara's state habeas petition without a written order. Bergara filed both a petition for a writ of certiorari with the United States Supreme Court and a federal habeas petition (Case Number 3:13-CV-273) with this Court, arguing that her mandatory life sentence violated the Eighth Amendment. The Supreme Court denied certiorari, and this Court dismissed the habeas petition.

In the instant federal habeas petition, Bergara claims that Winston Earle Cochran, Jr., the attorney who represented her in Case Number 3:13-CV-273, provided ineffective assistance of counsel. Bergara claims that Cochran essentially abandoned her after the Supreme Court denied certiorari on her *Miller* claims, even though her habeas petition was still pending in this Court.

## II. THE SIXTH AMENDMENT AND COLLATERAL PROCEEDINGS

Bergara has not stated a claim for habeas relief. Cochran only represented Bergara in her post-conviction collateral proceedings, and the Sixth Amendment does not apply in

habeas cases. *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 420 (2013).

It is true that the Supreme Court has recently addressed, in a very limited way, the impact of ineffective or nonexistent counsel in state collateral proceedings. Specifically, the Supreme Court recently held that a procedural default will not bar a federal habeas court from hearing a "substantial" claim of ineffective assistance of trial counsel if: (1) the state's procedural law either expressly or practically requires a defendant to raise an ineffective-assistance-of-trial-counsel claim for the first time in a state collateral review proceeding, as opposed to on direct review; and (2) in that initial state collateral review proceeding, there was either no counsel or ineffective counsel. *Trevino v. Thaler*, 133 S.Ct. 1911, 1914–15 (2013). A "substantial" claim for ineffective assistance of trial counsel is one that "has some merit." *Martinez v. Ryan*, 132 S.Ct. 1309, 1318–19 (2012). The state habeas counsel's performance is measured by the familiar *Strickland v. Washington* standard. *Id*.

But *Trevino* and *Martinez* did not extend the reach of the Sixth Amendment; they simply established that ineffective representation in a state habeas proceeding can now, under particular circumstances, excuse the procedural default of a claim of ineffective assistance of trial counsel. *See id* at 1319–20. In other words, the habeas petitioner who successfully invokes *Trevino/Martinez* would still have to show ineffective assistance of trial counsel in order to obtain habeas relief. The subsequent proceedings in *Trevino* provide a good example of how the analysis works: on remand from the Supreme Court, the lower courts first addressed the "*Martinez/Trevino* Issue" (i.e. the performance of

state habeas counsel) and then examined the merits of the underlying ineffective-assistance-of-trial-counsel claim. *See Trevino v. Davis*, No. 15-70019, 2016 WL 3710083 (5th Cir. July 11, 2016).

In any event, the *Trevino/Martinez* exception lies far outside the bounds of what Bergara has alleged, which is essentially that Cochran abandoned her federal (not state) habeas case without properly informing her of the status or viability of her petition. Even if the allegations are true, Cochran's conduct, while not exactly laudable, did not implicate the Sixth Amendment.

There is no indication that the Supreme Court has broadened the scope of the Sixth Amendment to include collateral proceedings, state or federal. Bergara is asserting a Constitutional right that, unfortunately, does not exist. The Court must dismiss this petition.

### III. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment and ruling debatable or wrong. Because the petitioner does not otherwise allege facts showing that her claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED,** and this case is **DISMISSED** with prejudice.

2. All pending motions are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____July 15_____, 2016.

                                                GEORGE C. HANKS, JR.
                                        UNITED STATES DISTRICT JUDGE